IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RICHARD JAMES KABER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CV-0494-DGK-SSA ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Richard Kaber's application for supplemental security income under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of degenerative disk disease of the lumbar spine, posttraumatic stress disorder, major depressive disorder, bipolar disorder, and polysubstance abuse, but he retained the residual functional capacity ("RFC") to perform light work with restrictions, including work as a small parts operator, photocopy machine operator, and plastic hospital product assembler.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for supplemental security income on March 12, 2020, alleging a disability onset date of June 1, 2017. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and on August 11, 2021, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on June 24, 2022, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff alleges the ALJ erred at Step Four in determining his RFC and at Step Five in finding he could perform other work existing in the national economy.

### I. The ALJ did not err at Step Four.

Plaintiff argues the RFC concerning both his mental and physical functioning is unsupported by substantial evidence, and the physical RFC is legally flawed because the ALJ failed to assess his RFC on a function-by-function basis and erroneously assessed his exertional level first.

These arguments are unavailing. Substantial evidence in the record supports the limitations in the mental and physical portions of the RFC. For example, in determining Plaintiff's mental RFC, the ALJ noted state agency psychological consultants Drs. James Morgan and Gretchen Brandhorst found Plaintiff had no limitations in interacting with others or adapting or managing himself. R. at 33. The ALJ found their findings were "not persuasive" because the record indicated "greater overall limitations taking into consideration the effect of the claimant's alcohol and substance abuse[,] . . . the choice to rely on substances is consistent with greater limitations in

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

managing himself, [and t]he claimant's irritability and complaints of prior arguments with supervisors is consistent with greater limitations in social interactions." R. at 33 (cleaned up). The ALJ then limited Plaintiff to no work with the public and only occasional contact with coworkers and supervisors. R. at 31. This finding alludes to an earlier finding by the ALJ that Plaintiff was moderately limited in working with others because "he was fired from Taco Bell/Pizza Hut after throwing food at his manager." R. at 29. Hence, the RFC limitation on working with others—a finding which went beyond the state agency consultants recommended limitations—is supported by the record. It is not, as Plaintiff suggests, a product of the ALJ's relying on his own purported medical expertise or a failure to obtain additional medical opinions to develop the record fully and fairly. Finally, it is Plaintiff's burden to establish his RFC, *Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016), and he cannot point to any credible evidence in the record that supports limitations beyond those the ALJ already included in the RFC.

Plaintiff's complaints about findings in the physical portion of the RFC are similarly unpersuasive. Plaintiff challenges the ALJ's reliance on findings by the State agency medical consultants, Drs. Nancy Ceaser and Paul Ross, concerning his exertional limitations. The ALJ embraced their opinions that Plaintiff could perform light work with some postural limitations, and with no concentrated exposure to vibrations and no exposure to hazards, but further limited Plaintiff to frequent handling, fingering, and feeling. R. at 31, 33. Plaintiff contends the ALJ erred by finding him more limited than the State agency consultants recommended, arguing the ALJ's opinion in this respect is not supported by the record. But any error the ALJ may have made by imposing limitations going above and beyond those recommended by the State agency consultants—something which improved Plaintiff's chances of receiving benefits—is at most harmless error which does not merit reversal or remand. *Byes v. Astrue*, 687 F.3d 913, 917 (8th

4

Cir. 2012) ("To show an error was not harmless, [a plaintiff] must provide some indication that the ALJ would have decided differently if the error had not occurred.").

Plaintiff's claim that the physical RFC is legally flawed because the ALJ failed to assess his RFC on a function-by-function basis as required by SSR 96-8p is also without merit. The Eighth Circuit has repeatedly held that an ALJ can comply with SSR 96-8p even if he or she does not make explicit findings with respect to each functional limitation. *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003); *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011) ("We review the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but we do not require an ALJ to mechanically list and reject every possible limitation."); *Nash v. Comm'r of Soc. Sec.*, 907 F.3d 1086, 1090–91 (8th Cir. 2018) (quoting *McCoy* and summarily rejecting the plaintiff's claim that the ALJ erred by not assessing his RFC on a "function-by-function" basis).[2] There is no per se requirement that the ALJ discuss functions which are not limited. *Depover*, 349 F.3d at 567. Remand is only necessary where the ALJ describes the RFC in such general terms that a court is unable to determine whether the ALJ limited the claimant's RFC in some way. *Id*.

Plaintiff's claim that the physical RFC is legally flawed because the ALJ assessed his exertional level first is also unavailing. As Defendant notes, numerous courts in this district—including this one—have rejected this argument. *See Summerhill v. Comm'r of Soc. Sec.*, No. 3:20-05055-CV-RK, 2021 WL 4432479, at *2 (W.D. Mo. Sept. 27, 2021) ("From the ALJ's explicit findings, the Court can infer that he implicitly found no limits as to other functions.");

---

[2] This appears to be the position of at least four other circuit courts of appeal. *See Drennen v. Astrue*, No. 10-CV-6007MAT, 2012 WL 42496, at *4 (W.D.N.Y. Jan. 9, 2012) (citing the following cases outside of the Eighth Circuit: *Carrigan v. Astrue*, 2:10–CV–303, 2011 WL 4372651 (D. Vt. 2011) (citing *Zatz v. Astrue*, 346 F. App'x 107, 111 (7th Cir. 2009)); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (citing *Bencivengo v. Comm'r of Soc. Sec.*, 251 F.3d 153 (3d Cir. 2000))).

*Rhodes v. Saul*, No. 4:18-cv-00986-NKL, 2019 WL 5618084, at *6 (W.D. Mo. Oct. 31, 2019) ("[T]here is substantial evidence to support the ALJ's RFC that is not affected by the ALJ's stating the exertional level of 'light work' before discussing [the claimant's] function-by-function limitations."); *Mink v. Berryhill*, No. 5:17-CV- 06088-DGK-SSA, 2018 WL 3474087, at *2 (W.D. Mo. July 19, 2018) ("Citing the regulatory requirements for light work reflects a function-by-function analysis because the findings address all functional areas.").

## II. The ALJ did not err at Step Five.

Finally, Plaintiff contends the ALJ erred at Step Five by relying on the VE's testimony because it is inconsistent with the Dictionary of Occupational Titles ("DOT"). The RFC states Plaintiff "cannot work with the general public but can tolerate occasional contact with coworkers and supervisors." R. at 31. The VE answered the ALJ's hypothetical question incorporating this limitation by testifying that Plaintiff could work as a small parts operator, photocopy machine operator, or plastic hospital product assembler. R. at 67–68. Plaintiff contends that as described in the DOT, all these positions require working with the public.

The Court is not persuaded. While the RFC limits Plaintiff to "*occasional* contact with coworkers and supervisors," it does not prohibit all contact with humans, and all three of these jobs have the lowest possible interaction with people. *See* DOT 706.684-022, 1991 WL 679050 (assembler, small products); 207.684-014, 1991 WL 671745 (photocopying-machine operator); 712.687-010, 1991 WL 679245 (assembler, plastic hospital products). Hence, this is no basis to reverse or remand the ALJ's decision here.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: September 8, 2023            /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT